*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| In the Matter of the Arbitration )<br>Between )<br>)<br>SMITH COGENERATION (Bangladesh) )<br>PVT. LTD., )<br>210 West Park Ave., Suite 810 )<br>Oklahoma City, Oklahoma 73102, )<br>)<br>                Petitioners, )<br>and )<br>)<br>BANGLADESH POWER DEVELOPMENT )<br>BOARD and THE GOVERNMENT )<br>OF BANGLADESH, represented )<br>by the Ministry of Energy and Mineral Resources, )<br>)<br>Respondents. )<br>_____ ) | Civil Action No. 06-1827 (RMC) |

### PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE

Petitioner Smith Cogeneration (Bangladesh) Pvt. Ltd. ("Petitioner" or "Smith Cogeneration") filed a Petition to Confirm a Foreign Arbitral Award with this Court on October 24, 2006 ("Petition"). Because Judge Collyer had recently issued an order confirming an earlier partial arbitral award from the same foreign arbitration proceeding addressed in the Petition, Smith Cogeneration filed a notice of related case along with the Petition. Copies of the Petition were served upon the Respondents, the Bangladesh Power Development Board ("Power Board") and the Government of Bangladesh ("GOB") (together, "Respondents"). The Respondents have not entered an appearance or taken any action in this proceeding. On May 30, 2007, the Court issued an Order to Show Cause, directing the Petitioner to address why the action should not be dismissed pursuant to Local Rule 83.23 for failure to prosecute. Petitioner hereby responds, and explains that no further action is required on the part of the Petitioner before this Court may

grant the Petition and the relief requested therein. Petitioner respectfully submits that it is appropriate for the Court to do so at this juncture.

*Factual and Procedural Background*

The Petition relates to an arbitration proceeding initiated by Smith Cogeneration against the Power Board and the GOB, pursuant to the arbitration provisions of certain agreements between the parties.[1] The arbitration was conducted under the auspices of the International Court of Arbitration ("Court of Arbitration") of the International Chamber of Commerce in Case No. 10372/OL/ESR/MS (the "Arbitration Proceeding") before a three-member tribunal (the "Tribunal"). The Arbitration Proceeding resulted in a series of partial awards, including (a) an Award of Liability ("Liability Award"); (b) a Third Partial Award on Costs to Date; and (c) a Final Award on Damages and Costs (the Third Partial and Final Awards together, the "Damages and Costs Award").[2]

In March 2005, Smith Cogeneration filed a petition with this Court, seeking confirmation of the Liability Award ("Petition for Confirmation of the Liability Award"). That proceeding was assigned to Judge Collyer and designated Civil Action No. 05-0478 (RMC).[3] Smith Cogeneration explained in the Petition for Confirmation of the Liability Award that it was seeking confirmation of the award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("Convention"). Neither Respondent entered an appearance or challenged the Petition for Confirmation of the Liability Award. On

---

[1]    These agreements are a Power Purchase Agreement between Smith Cogeneration and the Power Board for the construction of a barge-mounted power plant in Haripur, Bangladesh ("the PPA") and an Implementation Agreement, in support of the PPA, between Smith and the GOB (the "IA"). Copies of both the PPA and the IA are attached as exhibits to the Petition.

[2]    The Arbitration Proceeding and the various partial awards issued by the Tribunal are described in detail in the Petition. Copies of the Third Partial and Final Awards are also attached to the Petition.

[3]    National Union Insurance Company was also a petitioner in that proceeding, as an assignee of and subrogee to a portion of the award there at issue.

July 12, 2006, Judge Collyer issued an order granting the petition and confirming the Liability Award, pursuant to the Convention ("July 2006 Confirmation Order").  Copies of the July 2006 Confirmation Order and the docket sheet from the earlier proceeding are attached hereto as Exhibits A and B.

On October 24, 2006, Smith filed the instant Petition with this Court, seeking confirmation of the Damages and Costs Award.  Neither Respondent has entered an appearance or challenged the instant Petition.[4]

*Governing Legal Standards*

The Court has jurisdiction over petitions such as the one at issue here, for enforcement of a foreign arbitral award in accord with the Convention, pursuant to 9 U.S.C. § 201 *et seq.*  "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States Courts in accordance with this chapter." 9 U.S.C. § 201.  "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203.

As courts have noted, "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by

_____

[4]     The Respondents' lack of participation in this proceeding, or in the earlier proceeding for confirmation of the Liability Award, is consistent with their failure to participate in the Arbitration Proceeding itself.  The GOB declined to participate in the Arbitration Proceeding in its own capacity in any fashion.  The Power Board appointed one of the members of the Tribunal (pursuant to the terms of the PPA) and then challenged the jurisdiction of the Tribunal to conduct the arbitration.  After considering detailed statements submitted by Smith Cogeneration and the Power Board regarding the issue of jurisdiction, the Tribunal ruled in a written decision that it had jurisdiction to hear the parties' dispute.  The Court of Arbitration notified the parties of the Tribunal's jurisdictional decision, and of the schedule of proceedings, but neither Respondent participated in the Arbitration Proceeding from that point on.

which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 (1974). As the Fifth Circuit has recognized, "[t]o advance those objectives the implementing legislation prescribed a *summary procedure* in the nature of federal motion practice to expedite petitions for confirmations of foreign arbitral awards." *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976) (emphasis added). Indeed, "[t]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Yusuf Ahmed Alghanim v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2nd Cir. 1997) (citation omitted). Accordingly, review of arbitration awards under the Convention is "*very limited* . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (citation omitted) (emphasis added).

In addition, section 207 of the statutory chapter adopting and providing for the enforcement of the Convention "mandates that 'the court *shall confirm* the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'" *Imperial Ethiopian Gov't*, 535 F.2d at 335-36 (quoting 9 U.S.C. § 207, emphasis added). Moreover, the burden of proof is on the party defending against enforcement, *id.*, and "the showing required to avoid summary confirmance is high." *Yusuf Ahmed Alghanim*, 126 F.3d at 23 (citation omitted). *See also Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 973 (2nd Cir. 1974) (wherein the Second Circuit reviewed the legislative backdrop of the Convention and concluded that it "clearly shifted the burden of proof to the party defending against enforcement . . . .").

*The Petition for Confirmation Should be Granted*

The instant proceeding has followed the same path as the earlier proceeding before this Court for confirmation of the Liability Award.  Smith Cogeneration has filed a petition for confirmation pursuant to the Convention and served the Respondents with copies of the same.  Almost eight months have passed since that time and – as with the Petition for Enforcement of the Liability Award – the Respondents have chosen not to participate in this proceeding or to challenge the Petition.  Accordingly, the Petition stands unrebutted, and no further action is required on the part of the Petitioner before that Court may grant the Petition and the relief requested therein.  Thus, it would *not* be appropriate for the Court to dismiss this action pursuant to Local Rule 83.23 for failure to prosecute because no further action is required from the Petitioner at this juncture.  Rather, just as the Court confirmed the Liability Award in Civil Action No. 05-0478 (RMC) under virtually identical circumstances, we respectfully submit that it is appropriate for the Court to do the same now in this proceeding.

*Conclusion*

For all of the foregoing reasons, Petitioner Smith Cogeneration respectfully requests that the Court issue an order granting the Petition and the relief requested therein. However, if the Court concludes that it requires any additional information, we respectfully request leave to make a further submission to address any such matters.

Respectfully submitted,

Douglas G. Robinson (DC Bar No. 10850)
Donna M. Francescani (DC Bar No. 454433)
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371 7000
(202) 661 9105 (fax)
*Attorneys for Smith Cogeneration*
*(Bangladesh) Pvt. Ltd.*

Dated: June 28, 2007

6

*CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing Petitioner's Response to Order to Show Cause was served via Federal Express on June 28, 2007, as follows:

Bangladesh Power Development Board
Wapda Building
Motijheel C/A
Dhaka 1000
Bangladesh

Government of Bangladesh
The Minister of Energy and Mineral Resources
Bangladesh Secretariat
Building No. 6
Dhaka 1000 Bangladesh

Donna M. Francescani

A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY, et al., | ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0478 (RMC) |
| | ) | |
| BANGLADESH POWER DEVELOPMENT BOARD, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioners National Union Fire Insurance Company and Smith Cogeneration petition this Court to confirm a foreign arbitral award against Respondents Bangladesh Power Development Board and the Government of Bangladesh.

Service of process was effected on Respondents pursuant to the terms of a power purchase agreement between Smith Cogeneration and the Bangladesh Power Development Board. However, Respondents have not filed any responsive pleadings in this matter. Finding that this Court has jurisdiction to consider this petition, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, *reprinted in* 9 U.S.C. § 201 *et seq.*, it is hereby

**ORDERED** that the Petition to Confirm a Foreign Arbitration Award [Dkt. #1] is **GRANTED**. It is

**FURTHER ORDERED** that the arbitral award to Smith Cogeneration, rendered in London, England by the International Court of Arbitration of the International Chamber of

Commerce on March 15, 2005, is **CONFIRMED** pursuant to the Convention on the Enforcement

of Foreign Arbitral Awards of June 10, 1958, *reprinted in* 9 U.S.C. § 201 *et seq.*

**SO ORDERED**.

Date: July 12, 2006

_____ /s/ _____
ROSEMARY M. COLLYER
United States District Judge

B

TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00478-RMC

NATIONAL UNION FIRE INSURANCE COMPANY et al
v. BANGLADESH POWER DEVELOPMENT BOARD et al
Assigned to: Judge Rosemary M. Collyer
Cause: 09:0202 Award under Convention on Foreign Arbitral
Awards

Date Filed: 03/08/2005
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Petitioner**

**NATIONAL UNION FIRE
INSURANCE COMPANY**
*As assignee of and subrogee to an
arbitral award in favor of Smith
Cogeneration*

represented by **William Francis Pendergast**
PAUL HASTINGS JANOFSKY &
WALKER, LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1865
Email:
billpendergast@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas George Robinson**
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
1440 New York Avenue, NW
Washington, DC 20005-2111
(202) 371-7000
Fax: (202) 371-7927
*ATTORNEY TO BE NOTICED*

**Petitioner**

**SMITH COGENERATION**

represented by **William Francis Pendergast**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas George Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**BANGLADESH POWER
DEVELOPMENT BOARD**

**Respondent**

**GOVERNMENT OF BANGLADESH**

*Represented by the ministry of energy
and mineral resources*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2005 | 1 | PETITION TO CONFIRM ARBITRATION AWARD against BANGLADESH POWER DEVELOPMENT BOARD, GOVERNMENT OF BANGLADESH ( Filing fee $250 )filed by NATIONAL UNION FIRE INSURANCE COMPANY, SMITH COGENERATION. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(rje, ) (Entered: 03/09/2005) |
| 03/08/2005 | 2 | NOTICE of petition to confirm a foreign arbitral award by NATIONAL UNION FIRE INSURANCE COMPANY, SMITH COGENERATION (rje, ) (Entered: 03/09/2005) |
| 03/08/2005 | 3 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL UNION FIRE INSURANCE COMPANY (rje, ) (Entered: 03/09/2005) |
| 03/08/2005 | 4 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SMITH COGENERATION (rje, ) (Entered: 03/09/2005) |
| 03/08/2005 | | SUMMONS Not Issued (rje, ) (Entered: 03/09/2005) |
| 04/20/2005 | 5 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *(AMENDED)* by NATIONAL UNION FIRE INSURANCE COMPANY (Pendergast, William) (Entered: 04/20/2005) |
| 04/20/2005 | 6 | ERRATA to replace exhibits of the Petition to Confirm a Foreign Arbitral Award dated march 8, 2005 with certified copies exhibits by NATIONAL UNION FIRE INSURANCE COMPANY. (Attachments: # 1 Exhibit A) (rje, ) (Entered: 04/21/2005) |
| 04/25/2006 | 7 | ORDER directing Petitioners to complete service of process. See attached Order for further details. Signed by Judge Rosemary M. Collyer on 4/25/2006. (tkf) (Entered: 04/25/2006) |
| 05/25/2006 | 8 | RESPONSE TO ORDER OF THE COURT re 7 Order *Directing Petitioners to Complete Service of Process* filed by NATIONAL UNION FIRE INSURANCE COMPANY. (Pendergast, William) (Entered: 05/25/2006) |
| 07/12/2006 | 9 | ORDER granting petition to confirm arbitral award and confirming arbitral award. Please see attached Order for further details. Signed by Judge Rosemary M. Collyer on 7/12/2006. (tkf) (Entered: 07/12/2006) |

District of Columbia live database - Docket Report

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/22/2006 12:00:35 | | | |
| **PACER Login:** | sa0186 | **Client Code:** | 962000/405 D. Francescani |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00478-RMC |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |